**Mark STRASSMANN, Appellant,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE and David Faber, United States Attorney, Appellees.**

No. 84–2360.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 2, 1985.

Decided June 12, 1986.

Rebecca Baitty (Rudolph L. Di Trapano; Di Trapano & Jackson, on brief) for appellant.

Harold J. Krent (Richard K. Willard, Acting Asst. Atty. Gen., David Faber, U.S. Atty., Leonard Schaitman, Christine R. Whittaker, Appellate Staff, Civ. Div., Dept. of Justice, on brief), for appellees.

Before WIDENER and ERVIN, Circuit Judges, and MOTZ, United States District Judge for the District of Maryland, sitting by designation.

PER CURIAM:

This is an appeal from an order of the district court granting summary judgment for the defendant. The plaintiff, Mark

Strassman, a television reporter, brought this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to compel the government to disclose an alleged communication between counsel for former (and presently) Governor Moore of West Virginia and the United States Attorney's office. After balancing the public interest against Governor Moore's privacy rights, it refused to order disclosure. We affirm.

Arch A. Moore, Jr. was Governor of West Virginia for two terms ending in 1976. In 1979, the United States Attorney conducted a grand jury investigation of the conduct of the State Liquor Commission during those years and of allegedly illegal contributions to the Governor's campaign.

The plaintiff alleged the existence of correspondence between Governor Moore's attorney and the United States Attorney concerning a request for Governor Moore to appear before the grand jury. Strassman requested of the United States Attorney "... a certain letter from the firm of Preiser and Wilson to the United States Attorney ..., which advised the United States Attorney that Arch A. Moore, Jr. would invoke the Fifth Amendment to the United States Constitution if forced to testify before the grand jury."

On October 24, 1984, the government responded, declining to acknowledge the existence or non-existence of such a document and invoked two exceptions to the FOIA that protect an individual's right to privacy: 5 U.S.C. §§ 552(b)(6) and (b)(7)(C). These sections are, in relevant part, as follows:

(b) [The FOIA] does not apply to ...

\* \* \* \* \* \*

(6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(7) investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would ...

(C) constitute an unwarranted invasion of personal privacy ....

After the Department of Justice did not comply with the plaintiff's request within the 10-day period required by statute, the plaintiff brought this action. See 5 U.S.C. § 552(a)(6)(C). The government then filed its motion for summary judgment.

The plaintiff argued in the district court that the electorate's right to know of this document's existence on the eve of the 1984 gubernatorial election outweighed any claim to personal privacy, particularly when the matter concerned Governor Moore's conduct in his former administration. The government, on the other hand, argued that there was no evidence of wrongdoing by Governor Moore, i.e., he was not indicted, convicted, or even subpoenaed to appear to testify before the grand jury, and that there was a great risk of an inference by the public that he was linked to some criminal wrongdoing.

In making a *de novo* review of the plaintiff's request, see 5 U.S.C. § 552(a)(4)(B), the court assumed for the purposes of the motion that the document did exist. It then ruled that the requested matter constituted "investigatory records compiled for law enforcement purposes" within subsection (7)(C). Exception is not taken on appeal to this obviously correct conclusion.

After balancing the public interest against the privacy rights of Governor Moore, the district court granted summary judgment to the government. It found that "there is no illegality in asserting a constitutional right," and held that the mere fact that the Governor might have sought to exercise his personal right not to testify under the Fifth Amendment had he been called before the grand jury did not indicate any wrongdoing in or out of his public office.

The basic policy of the FOIA is disclosure, not secrecy, with limited exceptions. *Department of the Air Force v. Rose*, 425 U.S. 352, 361, 96 S.Ct. 1592, 1599, 48 L.Ed.2d 11 (1976). The government agency that invokes an exception bears the burden of proof in the assertion of the same. 5 U.S.C. § 552(a)(4)(B). Some courts, as the district court did here, then use a balancing

test between the privacy interest asserted and the public's interest in disclosure. Compare *Rose*, p. 372–73, 96 S.Ct. p. 1604 (exemption 6) with *FBI v. Abramson*, 456 U.S. 615 at 631, 102 S.Ct. 2054 at 2064, 72 L.Ed.2d 376 (1982) (exemption 7). The fact that a balancing test was used can only have favored the plaintiff.

In balancing the public and private interests, the district court reasoned that an individual should not be stigmatized for exercising his constitutional rights, and the divulgence of the letter, if it existed, could lead the public to infer a link between Governor Moore and criminal wrongdoing. The court found that there was no information in the files showing wrongdoing on the part of Governor Moore, that he had not been indicted or tried, and that "no criminal action or charges were launched against him whatsoever." The court found that the most the letter would amount to would be to make "political hay." The court concluded that under these facts the disclosure of the letter, if it existed, would be "an unwarranted invasion of Mr. Moore's privacy," and it granted summary judgment for the government.

We are of opinion the findings of fact of the district court are supported by the record, that its legal conclusions are free from error, and that it was justified in its refusal to order disclosure.

Since the district court found the government met its lesser burden under subsection (7)(C), it did not consider whether or not the alleged material would also be exempt under the higher burden required by subsection (6). The government also argues on appeal that the material would be exempt under FRCrP 6(e) as a part of a grand jury proceeding. Since we hold that the material, if it exists, would be exempt under subsection (7)(C), we need not express an opinion on that question, however persuasive the government's argument.

The judgment of the district court is accordingly

AFFIRMED.